#### KUAWELA *vs.* E. HILDA, J. BURGESS ET AL.

##### ON APPEAL.

AN AGREEMENT to convey real estate was signed by a cross mark; HELD, a sufficient memorandum within the Statute of Frauds if the signature be proved.

A plea in bar reciting an agreement that judgment in favor of defendant may be entered, held good.

Opinion of the Court by HARRIS, C. J.

The bill of complaint in this case was filed on the 18th of March, 1878, setting forth an agreement for the purchase and sale of a small piece of land in Koolaupoko. This agreement is dated the 10th of March, 1863, and the translation of it is as follows:

"There has been paid to me this day twenty dollars by the hand of Kuawela. Eighty dollars have been paid before; in all one hundred dollars for our selling a certain portion of land in Manulele, Kailua, Koolaupoko. Whatsoever all the place sold shall be surveyed off then I will give him a deed.

" (Signed) HALAKAIPO, [her X mark].

The Halakaipo who signs this paper was the owner of the land, and the person from whom the present title is derived. She died in the month of June, 1876, not having executed the deed. Kuawela, the plaintiff, has been on the land ever since the date of this paper, and before that date, and has built a cottage on it. But it is objected to this writing that it is signed by a mark, and the signature is unwitnessed by any one, and therefore the writing is not within the spirit of the 1053d Section of the Civil Code, which states that "no action shall be maintained to charge a person upon any contract for the sale of lands unless the promise, contract or agreement, or some memorandum or note thereof shall be in writing, and is signed by the party to be charged therewith."

The Court is of opinion that this is a sufficient memorandum if the signature be proved. Of course such a signature would have to be proved either by direct testimony of people who saw it written, or by undoubted admissions of the party sought to be charged; but if fully proved would be as good a signature as though the woman had signed it by letters.

But there is a plea in bar set up to the effect that a bill similar to this, was filed on the 27th of August, 1877, and summons duly issued; that on the 3d of September the defendants filed their general and special demurrer, and on the 29th of November a decree was made dismissing the said bill; and further, that on the 4th day of October, preceding said 29th day of November, an agreement was made between the parties, that if no injunction were ordered in pursuance of the prayer of said bill, the defendant in the bill, who was plaintiff in a suit of ejectment then pending, might take judgment;

Kuawela *v.* E. Hilda, J. Burgess *et al.*

and it is argued here that according to the memorandum of the Clerk the bill was dismissed generally without reference to the points of demurrer. On consulting the Clerk's memorandum, such appears to be the fact. But this was merely the Clerk's memorandum, and as soon as the Judge was apprised of it, it was his right and duty to make whatever corrections were necessary, and he did so, saying that he dismissed the bill for its formal inaccuracies, without prejudice to the plaintiff's right to bring a new bill. He says he preferred that course to allowing them to file an amended bill, because the inaccuracies were so numerous.

As we understand the agreement of the 4th of October, it was an agreement that the defendants in the bill should take judgment in the ejectment suit, providing the injunction was denied. Now no injunction was denied; but, as the Judge says in his opinion, the bill was dismissed without prejudice, and they were advised to bring a new bill. But, on the 13th of February, 1878, the plaintiff's counsel filed a new agreement in the following words:

"In the Supreme Court—Burgess *vs.* Kuawela. Action at law for ejectment.

"Kuawela *vs.* Burgess. Suit in equity for injunction against action.

"Consent for judgment. Judgment in favor of Burgess may be entered in the above entitled cause.

"W. R. CASTLE, Attorney for Kuawela.
"Honolulu, H. I., February 13, 1878."

This is a positive agreement, made seven months after the proceedings have been commenced in the case, with a full knowledge of all the facts, and we think it binding upon all the parties. Judgment was entered upon it and writ of possession was duly issued. There is no reason shown why this last agreement shall not be taken as conclusive between the parties, for aught that appears in the bill or is made to appear

at the hearing. There could have been no other intention, for unless such be the intention, the agreement is absolutely useless.

The plea in bar is sustained and the bill is dismissed.

Castle & Hatch for plaintiff.

A. S. Hartwell for defendants.

Honolulu, August 15, 1878.